IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CRUM, | : | CIVIL ACTION NO. **3:CV-06-2478** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CAMERON LINDSAY, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

On December 28, 2006, the Plaintiff, Joseph Crum, formerly an inmate at the United States Penitentiary at Canaan ("USP-Canaan"), and presently an inmate at FCI-Williamsburg, South Carolina (Doc. 12), filed this *Bivens*[1], action pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff raised First Amendment claims of denial of access to court and retaliation against three Defendants who were employed by the Bureau of Prisons ("BOP"), at USP-Canaan, namely Warden Lindsay, Mailroom Supervisor Farley and Mailroom staff member Feathers. Plaintiff's claims all arise while he was formerly incarcerated at USP-Canaan. Plaintiff also filed an *in forma pauperis* motion.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

Plaintiff correctly indicates that this is a *Bivens* action as he seeks monetary damages from federal officials for alleged violations of his Constitutional rights. Doc. 16, pp. 1-3.

We also find that, insofar as Plaintiff is complaining about events which occurred at a prison located in the Middle District of Pennsylvania, *i.e.* USP-Canaan, Waymart, Pennsylvania, by Middle District of Pennsylvania Defendants, venue of such claims is proper in this Court despite Plaintiff's current incarceration at FCI-Williamsburg, South Carolina.

On January 5, 2007, the Court issued an order granting Plaintiff's *in forma pauperis* motion and directing service of Plaintiff's Complaint on the three stated Defendants. (Doc. 6). Defendants were served, and filed a request for an extension of time to respond to the Complaint. (Docs. 8 & 10). The Court granted Defendants' request for an extension of time and directed them to respond to Plaintiff's Complaint by May 14, 2007. (Doc. 11).

On April 10, 2007, Plaintiff filed a Motion to Amend his Complaint pursuant to Rule 15. (Doc. 13). Plaintiff attached his Affidavit to his Motion and his Inmate Request to Staff, Ex. 1. Plaintiff did not file a support brief, but his Motion detailed the reasons why he requested to file an amended pleading. Plaintiff did not submit a document along with his Motion which was properly identified as his proposed Amended Complaint. Plaintiff simply referred to his Motion to Amend Complaint as his Amended Complaint. However, we found that Plaintiff's Motion was not a pleading, as it was not in full compliance with Rule 8 with respect to the requirements of a proposed amended pleading, such as it did not contain a request for relief. Plaintiff's Motion also referenced a new Defendant (CO Bond) and failed to mention a former Defendant (Feathers).

Accordingly, on April 13, 2007, we issued an Order granting Plaintiff's Motion to Amend his Complaint, and directed Plaintiff to file a proper Amended Complaint in fifteen (15) days. (Doc. 16). Plaintiff timely filed his Amended Complaint on April 23, 2007, with his support Affidavit. (Docs. 16 & 17). On April 30, 2007, Plaintiff filed his missing first page (cover page) of his Amended Complaint, which he states was accidentally omitted. (Doc. 18). We now screen Plaintiff's amended pleading. As stated, with his original pleading, Plaintiff also filed a Motion to proceed *in forma pauperis,* and we granted this Motion on January 15, 2007. (Docs. 2 & 6).

2

## II.  PLRA.

Since the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995 (the "PLRA")[2] obligates the Court to

engage in a screening process.[3]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5)

of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

Plaintiff's present action has been deemed as filed pursuant to 28 U.S.C. § 1331, since it

alleges violations of his Constitutional rights against federal officials.  In reviewing the Amended

Complaint under 28 U.S.C. §1915(e)(2)(B), we find that the Plaintiff's § 1331 action against the three

(3) Middle District of Pennsylvania Defendants, *i.e.* Lindsay, Farley and Bond, should proceed only

with respect to Plaintiff's First Amendment claims against these Defendants.  We find that Plaintiff

has stated a First Amendment denial of access to courts claim and a First Amendment retaliation

claim against three of his named Defendants in his amended pleading, *i.e.* Lindsay, Farley and

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3]The Plaintiff completed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison account.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 4).   As stated, the Court granted Plaintiff's *in forma pauperis* Motion.  (Doc. 6).

Bond.  We find that Defendant Feathers should be dismissed since Plaintiff fails to make any claims against this Defendant in his amended pleading.

### III.  Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

### IV. Discussion.

*1.  No Personal Involvement of Defendant Feathers*

Plaintiff names G. Feathers as a Defendant in this action.  In his recently filed Cover page of his Amended Complaint, Plaintiff lists Feathers, Mailroom Staff, as a party Defendant. (Doc. 18). Insofar as his claims go in the body of his Amended Complaint, Plaintiff states that Feathers is employed for the BOP at FCI-Gilmer, West Virginia, and that this Defendant "was presently employed at FCI-Gilmer in West Virginia, during these Causes of Action."  (Doc. 16, pp. 1, 3). Also, as stated, Plaintiff's original Complaint named Feathers as a Defendant, but Plaintiff did not mention Feathers as a party Defendant in his Motion to Amend.  More importantly, Plaintiff's Amended Complaint, while it lists Feathers as a party Defendant (Doc. 18), fails to make any claims

against Defendant Feathers, and it does not state his personal involvement with respect to any alleged violations of Plaintiff's Constitutional rights. (Doc. 16, pp. 1-3).

Plaintiff was directed to include in his amended complaint only the Defendants which he could identify as having personal involvement with respect his Middle District of Pennsylvania claims. Specifically, in our April 13, 2007 Order (Doc. 15, pp. 3-4), we stated:

> Plaintiff is also reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. We note that in his Motion to Amend, Plaintiff adds CO Bond as a Defendant and does not include G. Feathers as a Defendant.

Also, *respondeat superior* is not an acceptable basis to hold a BOP official as a Defendant in a §1331 action. *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). Further, in his Amended Complaint, Plaintiff does not state that Defendant Feathers had anything to with his alleged Constitutional claims which arose while he was at USP-Canaan.

Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

5

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode,* 845 F.2d at 1208; *Sutton, supra.*

A Defendant prison official cannot be held liable for the actions of others since the doctrine of *respondeat superior* is not an acceptable basis for civil rights liability. *See Durmer v. O'Carroll,* 991 F. 2d 64, 69 (3d Cir. 1993). Liability may only be based upon Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials,* 547 F. 2d 1077 (3d Cir. 1976).

In our Order of April 13, granting Plaintiff's Motion to Amend his Complaint, we specifically advised Plaintiff that his Amended Complaint must be complete in all respects, and that it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. We also indicated that his Amended Complaint must be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1). Thus, insofar as Plaintiff claimed in his original Complaint, but not in his Amended Complaint, that Defendant Feathers, while working as USP-Canaan, failed to properly process his outgoing special mail in accordance with the special mail procedures (Doc. 1, p.2), we do not now consider this allegation. Further, since we specifically indicated in our April 13, 2007 Order (Doc. 15) that Plaintiff's Motion to Amend referenced a new Defendant (CO Bond) and failed to mention a former Defendant (Feathers), if Plaintiff still desired to name Feathers as a Defendant in his Amended Complaint, he should have stated his claims against him in his amended pleading as he was ordered to do.

6

However, as stated, Plaintiff makes no claims against Defendant Feathers in his Amended Complaint. Plaintiff states that Feathers is a Defendant in his cover page (Doc. 18), and only briefly mentions Defendant Feathers on pages 1 and 3 of his Amended Complaint. Specifically, Plaintiff only states that this Defendant is now employed at FCI-Gilmer. (Doc. 16). Nor does Plaintiff's Affidavit filed in support of his Amended Complaint mention any claims against Defendant Feathers. Rather, it only makes averments against Defendants Lindsay, Farley and Bond. (Doc. 17).

Thus, we shall recommend that Defendant Feathers be dismissed from this case.

2. *First Amendment Claims against Defendants Lindsay, Farley and Bond*

Our initial review of Plaintiff's Amended Complaint under the Prison Litigation Reform Act of 1995 (the "PLRA") reveals that Plaintiff has stated a First Amendment denial of access to courts claim and a First Amendment retaliation claims against three of his named Defendants in his amended pleading, *i.e.* Lindsay, Farley and Bond. He specifically alleges that these three Defendants interfered with his legal mail and that, as a result, he missed an important court deadline. (Doc. 16, pp. 1-2).

Plaintiff alleges retaliation by Defendants Lindsay, Farley and Bond because he filed civil complaints against BOP staff. Plaintiff alleges that his First Amendment right to access to the courts was deprived, since he could not timely respond to a summary judgment motion in a civil rights action in the United States District Court for the Northern District of New York, Civil No. 06-0513, and that Defendants caused his to miss an important court deadline. Plaintiff alleges that he suffered an actual injury from the three (3) Defendants' conduct and that they hindered his efforts to pursue his claim in the stated court case. (Doc. 16, p. 2 and Doc. 17, p. 1). Plaintiff does not

state if the civil action in the Northern District of New York was dismissed due to his failure to meet a court deadline.

Plaintiff claims that the conduct of Defendants Lindsay, Farley and Bond denied him his access to the court because it prevented him from timely responding to a summary judgment motion.  Plaintiff has alleged an actual injury with respect to his First Amendment denial of access to court claim against the stated three (3) Defendants, *i.e.* the Northern District of New York civil action.  Plaintiff claims that he missed a court deadline and that a legal matter he had was prejudiced by Defendants' alleged conduct.

Thus, we find that Plaintiff has claimed that he was denied access to the court by Defendants' alleged conduct, and that he has alleged an injury regarding his denial of access to the courts claim.  It is well established that prisoners have a constitutional due process right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977).  However, in order to prevail on such a claim, it is necessary to allege an actual injury -- an instance in which the Plaintiff was actually denied access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2163 (1996); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir. 1988), *citing Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982); *Kershner v. Mazurkiewicz*, 670 F.2d 440, 444 (3d Cir. 1982).

Since the Plaintiff has alleged an actual injury or adverse action with respect to his First Amendment access to courts claim against the stated three (3) Defendants, we shall recommend that it be allowed to proceed as against them.

Plaintiff has also stated a First Amendment retaliation claim against Defendants Lindsay, Farley and Bond.  In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Court indicated that,

as a threshold matter in a retaliation case, the prisoner must show that the conduct which led to the alleged retaliation was constitutionally protected.  Here, liberally construing the *pro se* pleading, Plaintiff meets the threshold requirement of a retaliation claim.  Plaintiff is construed as asserting that Defendants retaliated against him for his filing of his prior civil actions against BOP staff (Doc. 16, p. 2), which is a First Amendment claim.  In *Rauser*, the Court established a three-step analysis in evaluating a retaliation claim.  "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Id*. at 333.  In *Rauser,* the protected right was the prisoner's refusal to participate in a religious program.  In this case, the Plaintiff alleges that the retaliation was based on his First Amendment speech rights.    We find that the Plaintiff has satisfied the first step in the *Rauser* formula with respect to Defendants.  The constitutional right of an inmate to seek a remedy for his grievances without suffering retaliation was well-established at the time the violations alleged by the Plaintiff occurred in this case.  *See Franco v. Kelly*, 854 F. 2d 584 (2d Cir. 1988).  *See also Morales v. Mackalm*, 278 F. 3d 126, 131 (2d Cir. 2002) (A prisoner's filing of a grievance against a CO is protected by the First Amendment, and retaliation in response to such a grievance is an actionable claim.).

"Next, a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." *Id*.  We view the Plaintiff's claim that Defendants Lindsay, Farley and Bond  intimidated him, made retaliating threats against him, and deterred him from pursuing his court cases, to be the adverse actions.  (*Id*.).  Plaintiff also alleges that these three Defendants made intimidating and retaliatory threats against him due to his filing of civil complaints

9

against BOP staff.  We find that Plaintiff has sufficiently alleged that he suffered adverse actions by Defendants as a result of his civil actions.[4]   Thus, we shall recommend that Plaintiff's First Amendment retaliation claim against all three (3) Defendants, Lindsay, Farley and Bond, proceed.

### 3. Fifth Amendment Due Process Claim

We do not find any Fifth Amendment procedural due process claim stated against Defendants Lindsay, Farley and Bond.

Plaintiff is construed as stating that the alleged actions of Defendants Lindsay, Farley and Bond[5] in tampering with his incoming mail and failing to process his outgoing mail violated his Fifth Amendment procedural due process rights.  (Doc. 16, p. 2).   Plaintiff seems to claim that Defendants' alleged failure to follow the BOP Special Mail Procedures with respect to his mail is a violation of his liberty and property interests under the Due Process Clause of the Fifth Amendment.  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead have a legitimate claim of entitlement to it."  *Quinlan v. James* 866 F.2d 627, 630 (3d Cir. 1989)(quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).   Property interests are not created by the Constitution.  "Rather, they are created and their dimensions are defined by existing

---

[4]To establish a retaliation claim, the Plaintiff must also show that there exists a causal nexus between the Plaintiff's constitutionally protected conduct and the adverse action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

[5]Again, Plaintiff does not state any personal involvement of Defendant Feathers with respect to his claims raised in his Amended Complaint. (Doc. 16, pp. 1-3).

rules or understanding that stem from an independent source such as state law rules or understanding that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Based on the claim in the original Complaint, Doc. 1, p. 2, we construe Plaintiff as alleging that Defendants did not process his outgoing special mail in accordance with the BOP Special Mail Procedures, since they delayed delivery of his mail and failed to monitor his mail through its destination. Plaintiff claims that the BOP Policy mandated such action with respect to his special mail.

We find the BOP policy does not provide a property interest to Plaintiff and does not confer any constitutional right to an inmate.

A policy manual does not have the force of law and does not rise to the level of a regulation. *Mercy Catholic Med. Ctr. v. Thompson,* 380 F.3d 142, 154 (3d Cir. 2004). The Third Circuit clearly stated "that the agency interpretive guidelines do not give rise to the level of a regulation and do not have the effect of law." *Id*. Further, a violation of an internal policy does not automatically rise to the level of a Constitutional violation. *Whitcraft v. Township of Cherry Hill,* 974 F.Supp. 392, 398 (D.N.J. 1996)(citing *Daniels v. Williams,* 474 U.S. 327, 332-33, 106 S.Ct. 662, 665-66, 88 L.Ed.2d 662 (1986); *Edwards v. Baer,* 863 F.2d 606, 608 (8th Cir.1988); *Jones v. Chieffo,* 833 F.Supp. 498, 505-506 (E.D.P.a.1993)).

Plaintiff states that Defendants failed to follow the BOP rules regarding special mail. Plaintiff seems to claim that due to Defendants' failure to follow the Special Mail Procedures, they violated his Fifth Amendment procedural due process rights. We find the BOP policy does not afford an

11

inmate Constitutional rights.  Plaintiff's construed contention that the BOP policy creates a property interest is unfounded.  Therefore, we shall recommend that Plaintiff's Fifth Amendment procedural due process clam against all Defendants be dismissed.

4. *Request for Monetary Damages for Emotional Injuries and for*
   *Specific Amounts of Monetary Damages*

We find that Plaintiff's request for monetary damages with respect to his emotional injuries should be dismissed, and that his request for specific amounts of monetary damages against Defendants should be stricken from the Amended Complaint.  (Doc. 16, p. 3).

As stated, we shall recommend that Plaintiff's specific request for monetary damages against the USP-Canaan Defendants be stricken.  (Doc. 16, p. 3, ¶'s M. & N.).  Plaintiff's relief requests for specific amounts of monetary damages should be stricken from the Complaint.  Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages, such as $250,000 and $75,000 against the Defendants (Doc. 16, p. 3), should be stricken from his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

To the extent that Plaintiff is seeking damages for emotional injuries (*Id*.), such a relief request should be dismissed since Plaintiff fails to allege that he suffered any physical injury.  *See Orikhi v. Wood*, 2006 WL 859543, *7-* 8 (M.D. Pa.)("Section 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), conditions a prisoner's claim for mental or emotional injury on a showing of accompanying physical injury.").  We do not find that Plaintiff has alleged physical injury with respect to his Middle District of Pennsylvania claims.  Since Plaintiff fails to properly state a claim of physical injury in his Amended Complaint against the Middle District of Pennsylvania Defendants,

then his claim for monetary damages for emotional injuries should be dismissed.[6]

Plaintiff's claims span a time period of January 17, 2007 through February 28, 2007. (Doc. 16, pp. 1-2). Plaintiff does not seem to indicate if he exhausted his Administrative remedies with the BOP regarding his present claims. We do not find whether Plaintiff states that he has yet fully exhausted all of his available Administrative remedies with the BOP regarding his First Amendment claims which arose at USP-Canaan.[7] In his Affidavit, Plaintiff avers that he makes his Affidavit in

---

[6]As stated above, the law is clear that an inmate cannot recover for emotional injury if no physical harm is stated. Plaintiff only alleges mental injury. In this case, Plaintiff's claim of physical harm of bad breath is clearly insufficient to amount to the requisite harm necessary to seek damages for mental injury. Money damages for his emotional distress are precluded since he has not alleged physical injury. *See* 42 U.S.C. § 1997e(e). The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury. Here, the Plaintiff fails to claim physical injury as a result of Defendants' alleged conduct. Thus, a claim for money damages for emotional injuries is precluded. *Allah v. Al-Hafeez*, 226 F.3d 247, 250-251(3d Cir. 2000). Thus, Plaintiff's claim for damages for emotional injuries should be dismissed from his Amended Complaint. (Doc. 16, p. 3).

[7]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law, such as 28 U.S.C. § 1331. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* Further, an inmate cannot satisfy the PLRA's exhaustion requirement after he has filed his complaint in federal court. *See Oriakhi v. U.S.*, 165 Fed.Appx. 991, 993 (3d Cir. 2006) (Non-Precedential); *Scerbo v. Orefice*, Civil No. 06-0676, M.D. Pa., 12-20-06 Memorandum.
However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). *See Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D.Pa.) (This Court discussed the purpose of the PLRA's exhaustion requirement as explained by the Court in *Ngo).*

support of his informal attempts to resolve his First Amendment claims against Defendants Lindsay, Farley and Bond. (Doc. 17). However, while Plaintiff's civil rights action is not an informal attempt to resolve his grievances, and the BOP Administrative remedies process would be such a process, and while it does not seem that there has been enough time for Plaintiff to have fully exhausted his First Amendment claims, as noted, it is for Defendants to raise the exhaustion issue as an affirmative defense. *See Ray v. Kertes, supra.*

Therefore, we shall recommend that Plaintiff be allowed to proceed on his Amended Complaint with respect to his First Amendment denial of access to courts claim and his First Amendment retaliation claim against Defendants Lindsay, Farley and Bond. We shall recommend that Defendant Feathers be dismissed, and that Plaintiff's Fifth Amendment procedural due process claim be dismissed.

## V. Recommendation.

Based on the foregoing, we respectfully recommend that Defendant Feathers be dismissed from this action. We recommend that Plaintiff be allowed to proceed on his Amended Complaint with respect to his First Amendment denial of access to courts claim and his First Amendment retaliation claim against Defendants Lindsay, Farley and Bond. Also, we recommend that Plaintiff's Fifth Amendment procedural due process claim be dismissed. Additionally, we recommend that Plaintiff's specific requests for monetary damages be stricken from his Amended Complaint, and that his claim for monetary damages for emotional injuries be dismissed. Further, it is recommended that

this matter be remanded to the undersigned for further proceedings, including  service of Plaintiff's

Amended Complaint on the remaining three (3) Defendants, Lindsay, Farley and Bond.



**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 2, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CRUM, | : | CIVIL ACTION NO. **3:CV-06-2478** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CAMERON LINDSAY, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 2, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

16

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                    s/ Thomas M. Blewitt
_____        THOMAS M. BLEWITT
                                                    United States Magistrate Judge


**Dated: May 2, 2007**