IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CRUM, | : | |
| | : | Case No. 4:06-CV-2478 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CAMERON LINDSAY, et al, | : | (Magistrate Judge Blewitt) |
| | : | |
| Defendants. | : | |

**ORDER**

May 29, 2007

**BACKGROUND:**

Plaintiff is a former inmate of the United States Penitentiary at Canaan

("USP-Canaan"), and is a present inmate at FCI-Williamsburg, South Carolina.

On December 28, 2006, plaintiff filed this instant <u>Bivens</u>[1] action, and on April 23,

2007 he filed an amended complaint.  Plaintiff alleges a First Amendment denial of

access to courts claim and a First Amendment retaliation claim against the

defendants.  Specifically, plaintiff alleges that defendants Cameron Lindsay, Al

Farley, and Corrections Officer Bond interfered with his legal mail, which resulted

---

[1]   <u>Bivens</u> is the shorthand given to claims made against a federal agent of
violations of a federal right, including constitutional rights.  <u>Bivens v. Six
Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

in plaintiff'smissing an important court deadline, and he also alleges that the three

defendants have retaliated against him because he has filed civil complaints against

Bureau of Prison staff. He seeks $250,000 in compensatory damages resulting in

part from emotional injury, and $75,000 from each defendant in punitive damages.

This matter was initially referred to United States Magistrate Judge Thomas

M. Blewitt.

On May 2, 2007, the magistrate judge issued his thorough fifteen-page

report and recommendation. The magistrate judge recommends that the claims

against defendant G. Feathers be dismissed because plaintiff fails to allege any

facts that suggest Feathers was personally involved in the events upon which

plaintiff's claims are based. He also recommends that we strike plaintiff's request

for specific monetary damages pursuant to Local Rule 8.1, that we dismiss any

potential claim for emotional injuries because plaintiff fails to allege he suffered

any requisite physical injuries, and that we dismiss any potential Fifth Amendment

Due Process claim. The magistrate judge recommends that plaintiff's First

Amendment claims against the remaining defendants should proceed.

Plaintiff has not objected to any of these recommendations.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report

and recommendation to which a party objects.  L.R. 72.3.  The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  Id.

    We will adopt the magistrate judge's report and recommendation in full.  We

agree that the plaintiff fails to allege a claim against defendant Feathers, and that he

also fails to allege a Fifth Amendment Due Process claim.  Further, his specific

monetary damage requests are improper, and so is his claim for damages for

emotional injury.  Plaintiff's First Amendment claims against the remaining

defendants, however, should proceed.  For purposes of judicial economy, we will

not rehash the sound reasoning used by the magistrate judge in making his

recommendations.


**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     United States Magistrate Judge Thomas M. Blewitt's Report and

       Recommendation is adopted in full.  (Rec. Doc. No. 19.)

2.     Plaintiff's claims against defendant G. Feathers are dismissed.

3.     Plaintiff's specific monetary damage requests are dismissed.

4.    Plaintiff's request for damages from emotional injury is dismissed.

5.    Plaintiff's First Amendment denial of access to the courts and

retaliation claims against the remaining defendants may continue.

6.    The case is remanded to the magistrate judge for further proceedings.


         s/ James F. McClure, Jr.

James F. McClure, Jr.

United States District Judge